IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION     **RECEIVED**

| | | |
|---|---|---|
| SHUFEN PAN, | * | 2006 SEP 15  P 1: 19 |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NUMBER: |
| | * | 3:06cv829 - F |
| | * | |
| SPECIALTY INSURANCE COMPANY, | * | **JURY DEMAND** |
| et al., | * | |
| | * | |
| Defendants. | * | |

## NOTICE OF REMOVAL

COMES NOW, Progressive Specialty Insurance Company (hereinafter referred to as "Defendant"), and removes this cause the United States District Court for the Middle District of Alabama, Eastern Division, and as grounds therefore states the following:

1.     Defendant, Progressive Specialty Insurance Company, is incorporated in the State of Ohio, with its principal place of business in the State of Ohio, thus a citizen of the state of Ohio.

2.     Plaintiff is believed to be a citizen of the State of Alabama, specifically Lee County, Alabama.

3.     This Court has jurisdiction based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a).

4.     The Plaintiff has filed a Complaint against Progressive in the Circuit Court of Lee County, Alabama seeking uninsured/underinsured motorist benefits.  A copy of the Complaint is attached hereto as Exhibit "A."

5.    Defendant timely opted out of said action pursuant to *Lowe v. Nationwide Insurance Co.*, 251 So.2d 1309 (Ala. 1988) and subsequent thereto, the Plaintiff entered into a settlement with the alleged tortfeasor.  The alleged tortfeasor was dismissed as a party to this action.

6.    Since the dismissal of the alleged tortfeasor, the Plaintiff has taken no action to bring this Defendant back into the case as a party defendant.

7.    The Defendant has filed contemporaneously herewith, a motion for relief and/or motion for order allowing progressive to renter the state court action as a party defendant attached hereto as Exhibit "B".

8.    Since the dismissal of the alleged tortfeasor, there exists complete diversity among the parties and this Defendant is removing this case within the applicable time period.

9.    The amount in controversy is in excess of $75,000 as the Plaintiff alleges to be entitled to uninsured/underinsured benefits under the Progressive policy, which has applicable limits in excess of $75,000.  (See Compl. paragraph 11 and exhibit thereto.)

10.    The Defendant has given written notice of this removal to the attorney for the Plaintiff, and has filed a copy of the removal proceedings and notice with the Circuit Court of Lee County, Alabama.

11.    A copy of all pleadings served upon this defendant in this cause has been attached hereto as Exhibit "C."

WHEREFORE, this Defendant prays that the removal of said cause to the United States District Court for the Middle District of Alabama, Eastern Division, be effected and no further or other proceedings may be had with respect to this matter in the Circuit

Court of Lee County, Alabama, pending a final decision and determination of controversy in the said United States District Court.

Submitted this the 15th day of September, 2006.

ATTORNEY FOR DEFENDANT,
PROGRESSIVE SPECIALTY
INSURANCE COMPANY:

LEON A. BOYD, V (BOY035)
HERMAN COBB (COB004)

OF COUNSEL:
COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama 36302
334-677-3000
334-677-0030 (fax)

DEFENDANT DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES RAISED IN THE COMPLAINT.

LEON A. BOYD, V (BOY035)
HERMAN COBB (COB004)

## CERTIFICATE OF SERVICE

    I hereby certify that I have forwarded a copy of the foregoing upon the following by placing a copy of same in the United State Mail, postage prepaid and properly addressed on this the _15th_ day of ___September___, 2006.

Michael S. Speakman, Esq.
108 N. Dean Road
Auburn, Alabama 36830

                                OF COUNSEL

# EXHIBIT A

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

SHUFEN PAN,                                       *
                                                  *
    PLAINTIFF,                 *
                                                  *
VS.                                               *    CV 2005- 6005
                                                  *
GLENNA ROUSSEAU,                                  *
PROGRESSIVE SPECIALTY INSURANCE *
COMPANY, AND UNKNOWN                              *
DEFENDANTS A, B, AND C.                           *
                                                  *
    DEFENDANTS.                *

F I L E D

SEP 1 6 2005

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

### COMPLAINT

### COUNT I

1. On or about October 11, 2003, upon a public roadway, North College Street, in Auburn, Lee County, Alabama, the Defendant Glenna Rousseau and Unknown Defendants A, B, and C, negligently caused or allowed a motor vehicle to collide with a motor vehicle owned and occupied by the Plaintiff;

2. As a proximate result of Defendant Glenna Rousseau's and Unknown Defendants A, B, and C's negligence, the Plaintiff was caused to suffer physical injuries, and was caused to incur medical expenses. Further, the Plaintiff will be caused to continue to incur such expenses in the future;

3. As a proximate result of the Defendant Glenna Rousseau's and Unknown Defendants A, B, and C's negligence, the Plaintiff suffered pain and suffering from the said injuries caused by the Defendant. Further, the Plaintiff will be caused to continue to have pain and suffering in the future;

4. As a proximate result of the Defendant Glenna Rousseau's and Unknown

Defendants A, B, and C's negligence, the Plaintiff was caused to lose wages or income; and

5. As a proximate result of the Defendant Glenna Rousseau's and Unknown Defendants A, B, and C's negligence, the Plaintiff was caused to suffer mental anguish and emotional distress.

### COUNT II

6. The Plaintiff hereby incorporates paragraphs one through five from Count I into this Count II as if said paragraphs were restated herein;

7. Defendant Progressive Specialty Insurance Company is a Corporation, organized and existing under the laws of the State of Ohio, and engaged in the business of issuing insurance policies. Progressive Specialty Insurance Company can be served at The Corporation Company, 2000 Interstate Park Drive, Ste 204, Montgomery, Alabama 36109;

8. On or about the 5th day of October, 2003, the Defendant Progressive Specialty Insurance Company issued a policy of automobile insurance to the Plaintiff, which included uninsured/underinsured motorist coverage. A copy of the declarations page of said policy is attached hereto as Exhibit A;

9. On or about the 11th day of October, 2001, in Auburn, Lee County, Alabama, the Plaintiff was injured in a collision when a vehicle negligently operated by Defendant Glenna Rousseau and Unknown Defendants A, B, & C, who are believed to be at that time an uninsured motorist or an underinsured motorist, collided with a vehicle owned and occupied by the Plaintiff;

10. As a proximate result of the negligence of Defendant Glenna Rousseau and Unknown Defendants A, B, & C, the Plaintiff was caused to suffer and incur injuries and damages; and,

11. If the Defendant Glenna Rousseau and Unknown Defendants A, B, & C are uninsured or underinsured motorists, the Plaintiff is entitled to recover benefits under the uninsured/underinsured motorist provisions of said insurance policy.

WHEREFORE, the Plaintiff demands judgment against the Defendants in an amount to be determined by the Court, plus costs.

Respectfully submitted,

Michael S. Speakman, Attorney for Plaintiff
Attorney Code: SPE020

OF COUNSEL:
SPEAKMAN AND SPEAKMAN
108 N. Dean Road
Auburn, Alabama 36830
Telephone: 334/821-0091
Facsimile: 334/821-0508

SHANNON YOUNG WORK
815 E GLENN AVE STE B
AUBURN, AL 36830

**Policy number: 41849114-0**
Progressive Specialty Insurance Company
October 7, 2003
Policy Period: Oct 5, 2003 - Apr 5, 2004
Page 1 of 9

SHUFEN PAN
1115 DREW LN
AUBURN, AL 36830

**personal.progressive.com**
Make payments, check billing activity, make
policy changes or check status of a claim.

**334-826-8260**
**SHANNON YOUNG WORKS**
Contact your agent during business hours.

# Auto Insurance
# Coverage Summary
## This is your Declarations Page

**800-PROGRESSIVE (800-776-4737)**
For policy service and claims service,
24 hours a day, 7 days a week.

Your coverage began on October 5, 2003 at the later of 12:01 a.m. or the effective time shown on your application. This policy period ends on April 5, 2004 at 12:01 a.m.

Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy limits shown for a vehicle may not be combined with the limits for the same coverage on another vehicle, unless the policy contract allows the stacking of limits. The policy contract is form 9608 AL (08/01). The contract is modified by forms 0101 (08/02) and 7951 AL (10/02).

## Drivers and household residents

| | Additional information |
|---|---|
| SHUFEN PAN | Named insured |
| HANQIN TIAN | |

## Outline of coverage

### 1998 Ford Windstar Waes

| VIN 2FMZA51U5WBE22531 | Limits | Deductible | Premium |
|---|---|---|---|
| | | | $109 |
| Liability To Others | | | |
|   Bodily Injury Liability | $100,000 each person/$300,000 each accident | | |
|   Property Damage Liability | $100,000 each accident | | |
| Uninsured/Underinsured Motorist | $100,000 each person/$300,000 each accident | | 39 |
| Medical Payments | $5,000 each person | | 15 |
| Comprehensive | | $250 | 28 |
| Collision or Upset | | $500 | 64 |
| Roadside Assistance | | | 7 |
| Total premium for 1998 Ford | | | **$262** |

### 1995 Honda Civic DX 4D

| VIN 1HGEG8646SL065237 | Limits | Deductible | Premium |
|---|---|---|---|
| | | | $116 |
| Liability To Others | | | |
|   Bodily Injury Liability | $100,000 each person/$300,000 each accident | | |
|   Property Damage Liability | $100,000 each accident | | |
| Uninsured/Underinsured Motorist | $100,000 each person/$300,000 each accident | | 43 |
| Medical Payments | $5,000 each person | | 17 |
| Total premium for 1995 Honda | | | **$176** |
| **Total 6 month policy premium** | | | **$438** |



Form 6489 (05/02)

Policy number: 41849114-0
SHUFEN PAN
Page 2 of 9

## Premium discounts

Policy

...........................................................................................................................................................................................

41849114-0                                          paid in full and multi-car

## Driving history

Progressive uses your driving history from the past 35 months to determine your rate.  There are no accidents or violations for drivers on this policy.

Continued

# EXHIBIT B

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| SHUFEN PAN, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *    CV-2005-605 |
| | * |
| PROGRESSIVE | * |
| SPECIALTY INSURANCE COMPANY, | * |
| et al., | * |
| | * |
| Defendants. | * |

## MOTION FOR ORDER ALOWING DEFENDANT TO RE-ENTER CASE AS PARTY DEFENDANT

COMES NOW Defendant, Progressive Specialty Insurance Company, and moves this Honorable Court to enter an Order allowing it to re-enter this case as a party defendant and shows unto the Court as follows:

1. Defendant Progressive opted out of this matter on or about December 13, 2005, pursuant to *Lowe vs. Nationwide Ins. Co.*, 521 So.2d 1309 (Ala. 1988).

2. Defendant Progressive has been informed that the alleged tortfeasor has tendered her limits of liability insurance and Plaintiff has agreed to accept that tender and has decided to proceed accordingly against Progressive.

3. Defendant Progressive now must be in a position to defend itself and be represented by counsel in the trial presently scheduled for November 13, 2006, or at such other time that this Honorable Court directs.

4. Defendant Progressive shows this Honorable Court that it must re-enter this case as a part defendant in order to defend itself and according to *Southern Guaranty Insurance Company vs. Donna M. Welch, et al.*, 570 So.2d. 654, and moves this

Honorable Court for an Order allowing it to opt back into this case as a party defendant.

5. Defendant Progressive further moves this Honorable Court to continue this case from its setting of November 13, 2006, until the next scheduled term of court.

ATTORNEY FOR DEFENDANT,
PROGRESSIVE SPECIALTY
INSURANCE COMPANY:

LEON A. BOYD, V (BOY035)
HERMAN COBB (COB004)

OF COUNSEL:
COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama 36302
334-677-3000
334-677-0030 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a copy of the foregoing upon the following by placing a copy of same in the United State Mail, postage prepaid and properly addressed on this the 15th day of September, 2006.

Michael S. Speakman, Esq.
108 N. Dean Road
Auburn, Alabama 36830

OF COUNSEL

# EXHIBIT C

# IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

SHUFEN PAN,                          *
                                     *
    PLAINTIFF               *
                                     *          CIVIL ACTION NO.
                                     *
    v.                      *          CV 05-605
                                     *
                                     *
PROGRESSIVE SPECIALTY               *
INSURANCE COMPANY, AND              *
UNKNOWN DEFENDANTS, A,B,& C.,       *
                                     *
    DEFENDANT               *
                                     *

## ORDER

    This matter is set for Monday, November 13, 2006. The Court has received a motion to continue filed by the Plaintiff. At this time, the motion to continue is denied. However, the Court may revisit this issue after the medical testing referenced in the Plaintiff's motion to continue has been completed.

    The Clerk of Court is ordered to mail by ordinary mail or deliver a copy of this Order to the following:

Michael S. Speakman                 Hon. Leon A. Boyd, V
108 N. Dean Road                    Hon. Herman Cobb
Auburn, AL 36830                    P O Box 6346
                                    Dothan, AL 36302

DONE this the 7th day of September, 2006.

FILED

SEP 0 7 2006

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

JACOB A. WALKER, III
Circuit Judge

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

SHUFEN PAN,                                          *
                                                     *
      PLAINTIFF,                              *
                                                     *
VS.                                                  *     CV 2005-605
                                                     *
GLENNA ROUSSEAU,                                     *
PROGRESSIVE SPECIALTY INSURANCE *
COMPANY, AND UNKNOWN                                 *
DEFENDANTS A, B, AND C.                              *
                                                     *
      DEFENDANTS.                             *


## PLAINTIFF'S MOTION TO CONTINUE

      COMES NOW the Plaintiff, by and through the undersigned attorney, and respectfully requests this Honorable Court to continue the above styled case that is currently set for trial on November 13, 2006, at 9:00 a.m., and as a basis for this Motion states as follows:

      1. On October 11, 2003, the Plaintiff was in a motor vehicle collision with Defendant Glenna Rousseau;

      2. The Plaintiff has not yet completed all of her medical treatment, and because of the statute of limitations, the Plaintiff had no choice but to file the above styled case on September 16, 2005;

      3. The Plaintiff had a recent MRI performed at East Alabama Medical Center on August 24, 2006 and is scheduled for other medical testing with Dr. Kahing Chan on September 12, 2006. These medical tests and procedures are related to the motor vehicle collision;

      4. On June 5, 2006, the Plaintiff settled her case with Defendant Glenna Rousseau and by an order of this Court dated June 9, 2006, Defendant Glenna Rousseau was dismissed as a Defendant. The remaining case is an uninsured/underinsured motorist claim pending against the Plaintiff's motor vehicle insurance carrier, Defendant Progressive Specialty Insurance Company;

5. The Plaintiff expects to complete a substantial portion of her medical treatment related to the collision by the end of 2006. At that point in time, the Plaintiff will make a good faith effort to settle all of her remaining claims against Defendant, Progressive Specialty Insurance Company; and,

6. The undersigned attorney will be on a scheduled family vacation January 24 to 30, 2007.

WHEREFORE, the Defendant respectfully requests this Honorable Court to continue the trial of this matter until the Spring of 2007 and not schedule this matter for the trial term of January 22 to February 2, 2007.

Respectfully submitted,

Michael S. Speakman, Attorney for Plaintiff
Attorney Code: SPE020

OF COUNSEL:
SPEAKMAN AND SPEAKMAN
108 N. Dean Road
Auburn, Alabama 36830
Telephone: 334/821-0091
Facsimile: 334/821-0508

2

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| SHUFEN PAN, | * |
| | * |
| **PLAINTIFF,** | * |
| | * |
| VS. | *    CV 2005-605 |
| | * |
| GLENNA ROUSSEAU, | * |
| PROGRESSIVE SPECIALTY INSURANCE | * |
| COMPANY, AND UNKNOWN | * |
| DEFENDANTS A, B, AND C. | * |
| | * |
| **DEFENDANTS.** | * |

FILED

APR 1 3 2006

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

### PLAINTIFF'S MOTION TO CONTINUE

COMES NOW the Plaintiff, by and through the undersigned attorney, and respectfully requests this Honorable Court to continue the above styled case that is currently set for trial on July 24, 2006, at 9:00 a.m., and as a basis for this Motion states as follows:

1. On October 11, 2003, the Plaintiff was in a motor vehicle collision with Defendant Glenna Rousseau;

2. The Plaintiff has not yet completed all of her medical treatment, and because of the statute of limitations, the Plaintiff had no choice but to file the above styled case on September 16, 2005;

3. Dr. Raymond Godsil of Auburn Orthopaedic Clinic and Dr. Win Lyle of The Hughston Clinic have both recommended that the Plaintiff undergo shoulder surgery as treatment for her injuries received in the October 11, 2003 motor vehicle collision. In an effort to avoid surgery on her shoulder Dr. Godsil has referred the Plaintiff to Human Performance and Rehabilitation Center for physical therapy which is less expensive and less risky than the surgery. If the Plaintiff has surgery, it will occur after July 25, 2006; and,

4. Once the Defendant reaches maximum medical improvement, the Defendant will

1

make a diligent effort to try to settle this case, so that a trial will not be necessary. The Plaintiff

has not yet reached maximum medical improvement, according to Dr. Raymond Godsil, who

continues to treat the Plaintiff.

WHEREFORE, the Plaintiff deserves the opportunity to reach maximum medical

improvement before trying this case and therefore the Plaintiff respectfully requests this

Honorable Court to continue the July 24, 2006 trial until late fall 2006.

Respectfully submitted,

Michael S. Speakman, Attorney for Plaintiff
Attorney Code: SPE020

OF COUNSEL:
SPEAKMAN AND SPEAKMAN
108 N. Dean Road
Auburn, Alabama 36830
Telephone: 334/821-0091
Facsimile: 334/821-0508

CERTIFICATE OF SERVICE

I, Michael S. Speakman, the attorney of record for the Plaintiff, hereby certify that I have this day served a copy of the above and foregoing pleading upon:

Alex L. Holtsford, Jr.
Murry S. Whitt
Nix, Holtsford, Gilliland, Higgins &
    Hitson, P.C.
P. O. Box 4128
Montgomery, Alabama 36103-4128

Leon A. Boyd, V
Herman Cobb
Cobb, Shealy, Crum & Derrick, P.A.
P. O. Box 6346
Dothan, Alabama 36302

by placing a copy of the same in the U.S. Mail, postage prepaid, addressed to them, this the __ day of April, 2006.

Of Counsel for Plaintiff

# IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

SHUFEN PAN,

    PLAINTIFF

        CIVIL ACTION NO.

    v.

        CV 05-605

GLENNA ROUSSEAU,
PROGRESSIVE SPECIALTY
INSURANCE COMPANY, AND
UNKNOWN DEFENDANTS, A,B,& C.,

    DEFENDANT

## **ORDER**

Arguments were heard regarding the Defendant's request for a jury trial. Having considered the arguments of the parties, the Court is of the opinion that the Defendant's request is due to be denied. This matter is set for a non-jury trial **Monday, July 24, 2006 at 9:00 AM.** The parties are to inform the Court on whether or not they attempt to mediate this matter. Furthermore, the parties are to notify the Court whether or not said mediation was successful. Said notification should be in writing and filed at least 30 days prior to trial date.

The Clerk of Court is ordered to mail by ordinary mail or deliver a copy of this Order to the following:

Hon. Leon A. Boyd, V
Herman Cobb
P O Box 6346
Dothan, AL 36302

Hon. Alex Holtsford, Jr.
Murry S. Whitt
P O Box 4128
Montgomery, AL 36103-4128

Michael S. Speakman
108 N. Dean Road
Auburn, AL 36830

DONE this the 21st day of February, 2006.

F I L E D

FEB 2 2 2006

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

JACOB A. WALKER, III
Circuit Judge

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

SHUFEN PAN,                              *
                                         *
        Plaintiff,                       *
                                         *
vs.                                      *        CV-2005-605
                                         *
GLENNA ROUSSEAU, PROGRESSIVE             *
SPECIALTY INSURANCE COMPANY,             *
et al.,                                  *
                                         *
        Defendants.                      *

## ORDER

UPON CONSIDERATION of Defendant Progressive Specialty Insurance Company's Motion to Opt Out, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.      Defendant Progressive Specialty Insurance Company's Motion to Opt Out is granted.

2.      Defendant Progressive Specialty Insurance Company has properly opted out as provided in the case of <u>Lowe v. Nationwide</u>;

3.      Defendant Progressive Specialty Insurance Company will immediately cease to participate in the discovery of this case;

4.      Defendant Progressive Specialty Insurance Company's motion to opt out and such motion's granting contained herein in no way constitutes an admission of liability or guilt on the part of Progressive Specialty Insurance Company; and

5.      Defendant Progressive Specialty Insurance Company's rights and privileges, as allowed by <u>Lowe v. Nationwide</u> and other applicable law, are hereby protected by this order.

Dated this the 22ⁿᵈ day of _Dec_____, 2005.


_____
CIRCUIT JUDGE


FILED

DEC 23 2005

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

# IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| SHUFEN PAN, | * |
| | * |
| PLAINTIFF | * |
| | *    CIVIL ACTION NO. |
| | * |
| v. | *    CV 05-605 |
| | * |
| | * |
| GLENNA ROUSSEAU, | * |
| PROGRESSIVE SPECIALTY | * |
| INSURANCE COMPANY, AND | * |
| UNKNOWN DEFENDANTS, A,B,& C., | * |
| | * |
| DEFENDANT | * |
| | * |

## ORDER

The Court has received a motion to continue filed by attorney Michael Speakman. The Court is of the opinion that said motion is due to be granted.  Therefore, the trial set for February 13, 2006 is cancelled.   Furthermore, this matter is transferred to the administrative docket for 120 days.

On other matters, a hearing is set for **FEBRUARY 13 2006 at 9:00 AM in Courtroom #3 of the Lee County Justice Center** regarding the Defendant's request for a jury trial.

The Clerk of Court is ordered to mail by ordinary mail or deliver a copy of this Order to the following:

Hon. Leon A. Boyd, V
Herman Cobb
P O Box 6346
Dothan, AL  36302

Hon. Alex Holtsford, Jr.
Murry S. Whitt
P O Box 4128
Montgomery, AL  36103-4128

Michael S. Speakman
108 N. Dean Road
Auburn, AL  36830

DONE this the 16th day of December, 2005.

FILED
DEC 2 1 2005
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

JACOB A. WALKER, III
Circuit Judge

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | | |
|---|---|---|
| SHUFEN PAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CV-2005-605 |
| | * | |
| GLENNA ROUSSEAU, PROGRESSIVE | * | |
| SPECIALTY INSURANCE COMPANY, | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |

### PROGRESSIVE INSURANCE COMPANY'S
### MOTION TO EXERCISE OPTION TO  WITHDRAW FROM LITIGATION

COMES NOW the Defendant, Progressive Insurance Company, and hereby moves this honorable Court, pursuant to *Lowe v. Nationwide Insurance Co.,* to allow it to exercise its option to not participate in the litigation of the above styled cause.  In support of this motion, Progressive Insurance Company states as follows:

1.    This action is pending in the Circuit Court of Lee County, Alabama.

2.    Progressive Insurance Company was served via certified mail on September 20, 2005.

3.    The accident made the basis of the Plaintiff's Complaint occurred on October 11, 2003 in Auburn, Alabama.

4.    The Plaintiff's Complaint alleges a claim for the payment underinsured/uninsured motorist benefits against Progressive Insurance Company.

5.    Pursuant to *Lowe v. Nationwide Insurance Co.*, 251 So.2d 1309 (Ala. 1988), Progressive Insurance Company has the option not to participate in

the trial of this matter and have its identity totally excluded from mention in the proceedings of this case.

7.      This Motion is timely filed.

WHEREFORE, all premises considered, Progressive Insurance Company respectfully requests this Court to grant its Motion to Opt Out of the Litigation of the above styled cause.

Submitted this, the *12th* day of ___*December*___, 2005.

                              ATTORNEYS FOR DEFENDANT,
                              PROGRESSIVE SPECIALTY
                              INSURANCE COMPANY:


                              LEON A. BOYD, V (BOY035)
                              HERMAN COBB (COB004)

OF COUNSEL:
COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama 36302
334-677-3000
334-677-0030 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a copy of the foregoing upon the following by placing a copy of same in the United State Mail, postage prepaid and properly addressed on this the 13th day of _December_ , 2005.

Michael S. Speakman, Esq.
108 N. Dean Road
Auburn, Alabama 36830

Alex L. Holtsford, Jr.
Murry S. Whitt
Nix, Holtsford, Gilliland, Higgins & Hitson
P.O. 4128
Montgomery, Alabama 36103-4128

OF COUNSEL

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

SHUFEN PAN,                  *

                       *

      PLAINTIFF,           *

                       *

VS.                      *   CV 2005-605

                       *

GLENNA ROUSSEAU,       *

PROGRESSIVE SPECIALTY INSURANCE *

COMPANY, AND UNKNOWN      *

DEFENDANTS A, B, AND C.     *

                       *

      DEFENDANTS.         *



F I L E D

DEC - 8 2005

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

### MOTION  TO STRIKE JURY DEMAND OF DEFENDANT, GLENNA ROUSSEAU, AND REQUEST FOR CONTINUANCE

COMES NOW the Plaintiff, Shufen Pan, by and through the undersigned attorney, and moves to strike the Jury Demand of Defendant Glenna Rousseau, and requests this Honorable Court to grant the Motion to Continue to the Administrative Docket that was filed on November 9, 2005, and in support of this Motion, states as follows:

1. On September 16, 2005, the Plaintiff filed the Complaint in the above styled matter, and on September 22, 2005, Defendant Glenna Rousseau was served with the Summons and Complaint and subsequently filed an Answer to the Complaint on September 22, 2005;

2. On December 5, 2005, the Plaintiff received a Jury Demand from Defendant Glenna Rousseau with a certificate of service dated December 2, 2005;

3. Rule 38(b) of the Rules of Civil Procedure governs the right to a jury trial and grants said right to all parties, provided Defendant Glenna Rousseau requests a jury trial, "in writing at any time after the commencement of the action and not later than thirty (30) days after the service of the last pleading directed to such issue." Rule 38(d) states that "The failure of a party to serve a demand as required by Rule 5(d) constitutes a waiver by the party of a trial by jury."

1

Defendant, Glenna Rousseau, filed her Jury Demand request beyond the thirty day deadline required by Rule 38. The Plaintiff further states that Defendant Glenna Rousseau's Jury Demand was not filed in compliance with Rule 5(d) which requires service on all parties. Rule 12(f) of the Rules of Civil Procedure gives this Honorable Court authority to strike Defendant Rousseau's Jury Demand;

4. This Honorable Court has previously scheduled this case for trial on February 13, 2006, at 9:00 a.m. On November 9, 2005, the Plaintiff filed a Motion to Continue based upon the fact that Dr. Raymond Godsil of Auburn Orthopaedic Clinic and Dr. Win Lyle of The Hughston Clinic have recommended that the Plaintiff undergo surgery as treatment for injuries received in the October 11, 2005 motor vehicle collision. On November 14, 2005, this Honorable Court stated that the Motion to Continue would be taken under advisement, and the Motion would be addressed after the first of the year. The Plaintiff respectfully renews her requests for this case to be continued to this Honorable Court's administrative docket, so that the Plaintiff can complete her medical treatment; and,

5. This case was filed in order to prevent the lapse of the statute of limitations and was filed before the Plaintiff completed her medical treatment. The Plaintiff believes that this case can be settled without the necessity of a trial once the Plaintiff has had an opportunity to complete her medical treatment.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court to strike and/or deny the Jury Demand of Defendant Glenna Rousseau in accordance with Rules 12(f) and 38 of the Rules of Civil Procedure and continue the above styled matter to the Court's administrative docket for a period of six to nine months to allow the Plaintiff to complete her medical treatment, including, but not limited to possible surgery.

2

Respectfully submitted,

Michael S. Speakman, Attorney for Plaintiff
Attorney Code: SPE020

OF COUNSEL:
SPEAKMAN AND SPEAKMAN
108 N. Dean Road
Auburn, Alabama 36830
Telephone: 334/821-0091
Facsimile: 334/821-0508

## CERTIFICATE OF SERVICE

I, Michael S. Speakman, the attorney of record for the Plaintiff, hereby certify that I have this day served a copy of the above and foregoing pleading upon:

Leon A. Boyd, V
Herman Cobb
Cobb, Shealy, Crum & Derrick, P.A.
P. O. Box 6346
Dothan, Alabama 36302

Alex L. Holtsford, Jr.
Murry S. Whitt
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
P. O. Box 4128
Montgomery, Alabama 36103-4128

by placing a copy of the same in the U.S. Mail, postage prepaid, addressed to them, this the 8th day of December, 2005.

Of Counsel for Plaintiff

3

# IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | | |
|---|---|---|
| SHUFEN PAN, | * | |
| | * | |
| PLAINTIFF | * | CIVIL ACTION NO. |
| | * | |
| v. | * | CV 05-605 |
| | * | |
| | * | |
| GLENNA ROUSSEAU, | * | |
| PROGRESSIVE SPECIALTY | * | |
| INSURANCE COMPANY, AND | * | |
| UNKNOWN DEFENDANTS, A,B,& C., | * | |
| | * | |
| DEFENDANT | * | |
| | * | |

## **ORDER**

The Stipulation of Dismissal filed by Attorney Michael Speakman dated June 5, 2006 is hereby granted as to Glenna Rousseau. The case remains set against Progressive Specialty Insurance Company.

The Clerk of Court is ordered to mail by ordinary mail or deliver a copy of this Order to the following:

Hon. Leon A. Boyd, V
Herman Cobb
P O Box 6346
Dothan, AL 36302

Hon. Alex Holtsford, Jr.
Murry S. Whitt
P O Box 4128
Montgomery, AL 36103-4128

Michael S. Speakman
108 N. Dean Road
Auburn, AL 36830

DONE this the 9th day of June, 2006.

JACOB A. WALKER, III
Circuit Judge

FILED

JUN 1 3 2006

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

# IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

SHUFEN PAN,                          *
                                     *
    PLAINTIFF                 *
                                     *        CIVIL ACTION NO.
                                     *
    v.                        *        CV 05-605
                                     *
                                     *
GLENNA ROUSSEAU,                     *
PROGRESSIVE SPECIALTY                *
INSURANCE COMPANY, AND               *
UNKNOWN DEFENDANTS, A,B,& C.,        *
                                     *
    DEFENDANT                 *
                                     *

## ORDER

The Plaintiff's motion to continue dated April 13, 2006 is hereby granted. The trial set for Monday July 24, 2006 is cancelled. This matter is reset for **Monday November 13, 2006 at 9:00 AM** in courtroom #3 of the Lee County Justice Center.

The Clerk of Court is ordered to mail by ordinary mail or deliver a copy of this Order to the following:

Hon. Leon A. Boyd, V
Herman Cobb
P O Box 6346
Dothan, AL 36302

Hon. Alex Holtsford, Jr.
Murry S. Whitt
P O Box 4128
Montgomery, AL 36103-4128

Michael S. Speakman
108 N. Dean Road
Auburn, AL 36830

DONE this the 18th day of April, 2006.

F I L E D

APR 1 9 2006

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

JACOB A. WALKER, III
Circuit Judge

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| SHUFEN PAN, | * |
| | * |
|      PLAINTIFF, | * |
| | * |
| VS. | *  CV 2005-605 |
| | * |
| GLENNA ROUSSEAU, | * |
| PROGRESSIVE SPECIALTY INSURANCE | * |
| COMPANY, AND UNKNOWN | * |
| DEFENDANTS A, B, AND C. | * |
| | * |
|      DEFENDANTS. | * |

FILED

NOV 0 9 2005

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

### PLAINTIFF'S MOTION TO CONTINUE TO ADMINISTRATIVE DOCKET

COMES NOW the Plaintiff, by and through the undersigned attorney, and respectfully requests this Honorable Court to continue the above styled case that is currently set for trial on February 13, 2006, at 9:00 a.m., and move this matter to the Court's administrative docket, and as a basis for this Motion states as follows:

1. On October 11, 2003, the Plaintiff was in a motor vehicle collision with Defendant Glenna Rousseau;

2. The Plaintiff has not completed all of her medical treatment, and because of the statute of limitations, the Plaintiff had no choice but to file the above styled case on September 16, 2005;

3. Dr. Raymond Godsil of Auburn Orthopaedic Clinic and Dr. Wynn Lyle of The Hughston Clinic have both recommended that the Plaintiff undergo surgery as treatment for her injuries received in the October 11, 2003 motor vehicle collision. The Plaintiff is considering the recommendations of Dr. Godsil and Dr. Lyle. If the Plaintiff has surgery, the surgery will have an effect on this Court's decision with regard to the amount of damages, if the Plaintiff prevails in the above-styled matter.

1

WHEREFORE, the Plaintiff respectfully requests this Honorable Court to continue this case to the administrative docket for six to nine months to allow the Plaintiff to complete her medical treatment including, but not limited to possible surgery,  and when said medical treatment is completed the Plaintiff will file a motion requesting this Court to take this case off of the administrative docket.

Respectfully submitted,

Michael S. Speakman, Attorney for Plaintiff
Attorney Code: SPE020

OF COUNSEL:
SPEAKMAN AND SPEAKMAN
108 N. Dean Road
Auburn, Alabama 36830
Telephone: 334/821-0091
Facsimile: 334/821-0508

CERTIFICATE OF SERVICE

I, Michael S. Speakman, the attorney of record for the Plaintiff, hereby certify that I have this day served a copy of the above and foregoing pleading upon:

Leon A. Boyd, V
Herman Cobb
Cobb, Shealy, Crum & Derrick, P.A.
P. O. Box 6346
Dothan, Alabama 36302

Alex L. Holtsford, Jr.
Murry S. Whitt
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
P. O. Box 4128
Montgomery, Alabama 36103-4128

by placing a copy of the same in the U.S. Mail, postage prepaid, addressed to them, this the 8th day of November, 2005.

_____
Of Counsel for Plaintiff

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| SHUFEN PAN, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *    CV-2005-605 |
| | * |
| GLENNA ROUSSEAU, PROGRESSIVE | * |
| SPECIALTY INSURANCE COMPANY, | * |
| et al., | * |
| | * |
| Defendants. | * |

## NOTICE OF INTENT TO SERVE CIVIL SUBPOENAS ON NON-PARTIES

Take notice that upon the expiration of fifteen (15) days from the date of service of this Notice, the Defendant, Progressive Specialty Insurance Company, will apply to the Clerk of this Court for issuance of the attached subpoenas directed to:

East Alabama Medical Center
2000 Pepperell Parkway
Opelika, Alabama 36801

Emergency Transport System
2000 Pepperell Parkway
Opelika, Alabama 36801

Phillip M. Heiderpriem, MD
PO Box 4283
Opelika, Alabama 36801

Alabama Imaging PC
122 N. 20th Street, Bldg. 22
Opelika, Alabama 36801

The Hughston Clinic
161 E. University Drive
Auburn, Alabama 36832

Kahing Chan, MD
701 Priester Road
Opelika, Alabama 36801

Family Medicine Associates
122 N. 20th Street, Bldg. 24
Opelika, Alabama 36801

Auburn Cardiovascular
994 Drew Lane
Auburn, Alabama 36831

Medical Clinic
122 N. 20th Street, Bldg 26
Opelika, Alabama 36801

Human Performance & Rehab Center
1199 S. Donahue Drive., Ste. C
Auburn, Alabama 36832

Auburn Orthopaedic Center
1800 Lakeside Circle
Auburn, Alabama 36830

Auburn University Medical Clinic
PO Box 3476
Auburn, Alabama 36831

Lee Obstetrics & Gynecology
121 N. 20th Street, Bldg 2
Opelika, Alabama 36801

Blue Cross & Blue Shield of AL
450 Riverchase Parkway East
Birmingham, Alabama 35244-2858

to produce copies of documents relating to Shufen Pan at the time and place specified in the subpoena.

ATTORNEY FOR DEFENDANT,
PROGRESSIVE SPECIALTY
INSURANCE COMPANY:

LEON A. BOYD, V (BOY035)
HERMAN COBB (COB004)

OF COUNSEL:
COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama 36302
334-677-3000
334-677-0030 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a copy of the foregoing upon the following by placing a copy of same in the United State Mail, postage prepaid and properly addressed on this the _3rd_ day of _November_, 2005.

Michael S. Speakman, Esq.
108 N. Dean Road
Auburn, Alabama 36830

OF COUNSEL

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

SHUFEN PAN,                              *
                                        *
            Plaintiff,                   *
                                        *
vs.                                     *        CIVIL ACTION NO. CV 05-605
                                        *
CLENNA ROUSSEAU, PROGRESSIVE            *
SPECIALTY INSURANCE COMPANY,            *
et al.,                                 *
                                        *
            Defendants.                  *

## ORDER

This case is set for a non-jury trial on **February 13ᵗʰ, 2006 at 9 A.M.** in Courtroom Three of the Lee County Justice Center.

The Clerk of Court is ordered to mail by ordinary mail or deliver a copy of this Order to the following:

Hon. Michael Speakman          Hon. Leon A. Boyd
108 North Dean Rd.             P.O. Box 6346
Auburn, AL 36830               Dothan, AL 36302

DONE this the 28ᵗʰ day of October, 2005.

_____
JACOB A. WALKER, III
Circuit Judge

FILED

OCT 3 1 2005

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

SHUFEN PAN,                                  *
                                             *
          Plaintiff,                         *
                                             *
vs.                                          *          CV-2005-605
                                             *
GLENNA ROUSSEAU, PROGRESSIVE                 *
SPECIALTY INSURANCE COMPANY,                 *
et al.,                                      *
                                             *
          Defendants.                        *

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:   Corinne Hurst, Clerk
      Lee County Justice Center
      2311 Gateway Drive
      Opelika, Alabama 36801

      Please take notice that the following discovery document has been filed on behalf

of the Defendant, Progressive:

      1.    Defendant's Interrogatories to Plaintiff.

      2.    Defendant's Request for Production to Plaintiff.

      Dated this the 25th day of  October , 2005.

                              ATTORNEYS FOR DEFENDANT,
                              PROGRESSIVE SPECIALTY
                              INSURANCE COMPANY:


                              _____
                              LEON A. BOYD, V (BOY035)
                              HERMAN COBB (COB004)

OF COUNSEL:
COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama 36302
334-677-3000
334-677-0030 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a copy of the foregoing upon the following by placing a copy of same in the United State Mail, postage prepaid and properly addressed on this the 25ᵗʰ day of _October_, 2005.

Michael S. Speakman, Esq.
108 N. Dean Road
Auburn, Alabama 36830

OF COUNSEL

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | | |
|---|---|---|
| SHUFEN PAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CV-2005-605 |
| | * | |
| GLENNA ROUSSEAU, PROGRESSIVE | * | |
| SPECIALTY INSURANCE COMPANY, | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |

## ANSWER AND MOTION TO STRIKE OF DEFENDANT, PROGRESSIVE SPECIALTY INSURANCE COMPANY

COMES NOW, Progressive Specialty Insurance Company (hereinafter referred to as "Defendant"), without waiving its right to opt out of the litigation of this cause, by and through undersigned counsel, and in response to Plaintiff's Complaint, answers as follows:

1.    Defendant is without sufficient information or knowledge to neither admit nor deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies same.

2.    Defendant is without sufficient information or knowledge to neither admit nor deny the allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore denies same.

3.    Defendant is without sufficient information or knowledge to neither admit nor deny the allegations contained in Paragraph 3 of Plaintiff's Complaint and therefore denies same.

4.    Defendant is without sufficient information or knowledge to neither admit nor deny the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore denies same.

5.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint and therefore denies same.

6.    Defendant adopts and re-avers each and every response to Plaintiff's Complaint as stated above, as if fully set out and re-alleged herein.

7.    Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.    Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.    Defendant is without sufficient information or knowledge to neither admit nor deny the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies same.

10.    Defendant is without sufficient information or knowledge to neither admit nor deny the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore denies same.

11.    Defendant is without sufficient information or knowledge to neither admit nor deny the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies same.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Defendant pleads the terms, conditions, provisions and exclusions of the pertinent Progressive policy and adopts and incorporates those terms, conditions, provisions and exclusions as if set forth fully herein.

## SECOND DEFENSE

Defendant avers that its insurance coverage is secondary behind the primary insurance coverage available to Glenna Roussesau and Unknown Defendants A, B & C, and that the amounts which may be owing to its insured is dependant upon the amount of such coverage and the extent of the injuries and damages of the Plaintiff and is subject to the coverage, terms, conditions, provisions and exclusions of the pertinent Progressive policy.

## THIRD DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## MOTION TO STRIKE

Defendant, Progressive Insurance Company, pursuant to Rule 12(f) of the Alabama Rules of Civil Procedure, herby moves this Court to strike Exhibit "A" of the Plaintiff's complaint by stating as follows:

1.     The Plaintiff has attached to her Complaint a copy of a declarations page relevant to a policy of automobile insurance issued by this Defendant.

2.     This declarations page contains the policy limits of the uninsured/underinsured motorists coverage available to the Plaintiff.

3.     Evidence of the limits of Plaintiff's uninsured/underinsured coverage is not admissible. Specifically, the Alabama Supreme Court has stated:

> Generally . . . evidence of a defendant's insurance is
> inadmissible to show fault or lack thereof. Where the

insurance carrier is a party to the suit, the existence of insurance obviously cannot be kept from the jury; however, *the amount of uninsured motorist coverage should not be disclosed, unless the amount is in controversy.* The rationale for this approach is that the coverage amount has no relevant bearing upon the jury's consideration of the issue of damages. Moreover, establishing the availability of a sum certain is likely to distort a jury verdict. The jury's knowledge of the available policy limits can work to the disadvantage of either party depending upon the circumstances of the case.

4. The amount of uninsured/underinsured motorist coverage available to the Plaintiff in this case is not in controversy.

WHEREFORE, Defendant requests this Court to issue an Order striking Exhibit "A" of the Plaintiff's Complaint from this Court's record.

ATTORNEYS FOR DEFENDANT,
PROGRESSIVE SPECIALTY
INSURANCE COMPANY:

LEON A. BOYD, V (BOY035)
HERMAN COBB (COB004)

OF COUNSEL:
COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama 36302
334-677-3000
334-677-0030 (fax)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have forwarded a copy of the foregoing upon the following by placing a copy of same in the United State Mail, postage prepaid and properly addressed on this the _19th_ day of _October_ , 2005.

_____
OF COUNSEL

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| SHUFEN PAN, | * |
| | * |
| **PLAINTIFF,** | * |
| | * |
| VS. | *   CV 2005- |
| | * |
| GLENNA ROUSSEAU, | * |
| PROGRESSIVE SPECIALTY INSURANCE | * |
| COMPANY, AND UNKNOWN | * |
| DEFENDANTS A, B, AND C. | * |
| | * |
| **DEFENDANTS.** | * |

CV 2005- 005

F I L E D

SEP 1 6 2005

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

### PLAINTIFF'S FIRST REQUEST FOR
### PRODUCTION OF DOCUMENTS TO DEFENDANT GLENNA ROUSSEAU

COMES NOW the Plaintiff and requests Defendant Glenna Rousseau to produce the

following listed documents within the time allowed and provided by law:

1.   Copies of any and all documents received in response to subpoenas sent by

Defendant Glenna Rousseau to any third party.

2.   Copies of any and all medical records, including but not limited to reports of doctors,

nurses, and other medical personnel; all hospital reports or records; all other writings, charts, or

other records of any doctors, nurses, or other medical personnel, and any or all prescription drug

records  for treatment of Defendant Glenna Rousseau as a result of the collision that occurred on

or about   October 11, 2003.

3.   Copies of any and all medical bills, invoices, statements, or other such

documentation evidencing charges incurred for treatment of Defendant Glenna Rousseau as a

result of the collision that occurred on or about October 11, 2003.

4.   A copy of any repair estimates from any motor vehicle repair shops and repair

estimates from any and all insurance companies, including, but not limited to Progressive for the

damage to the vehicle driven by the Plaintiff and for the damage to the vehicle driven by

Defendant Glenna Rousseau resulting from the collision that occurred on or about October 11,

2003.

5. Copies of any and all transcripts of any tape recordings of any statements of witnesses, prospective witnesses, or the Plaintiff, including producing the tape recordings, or making them available for hearing by the Plaintiff's attorney.

6. Any and all photographs in Defendant Glenna Rousseau's custody or control depicting the scene of the collision that occurred on or about October 11, 2003, either vehicle involved in said collision, or of the Plaintiff or Defendant Rousseau showing any injuries to either party as a result of the said collision.

7. Any and all reports of any experts concerning any issue in this case, whether the expert was employed by Defendant Glenna Rousseau, or on Defendant Rousseau's behalf or consulted by Defendant Rousseau or anyone on behalf of Defendant Rousseau.

8. Any and all charts, treatises, documents, or other demonstrative evidence which Defendant Glenna Rousseau plans to use at trial.

9. Any and all notices, records, documents, writings, letters, correspondence, or notes of any sort from any insurance company insuring Defendant Glenna Rousseau or providing any coverage of any sort to Defendant Rousseau in connection with this collision that occurred on or about October 11, 2003, including documentation of any payments made to or on behalf of Defendant Glenna Rousseau as a result of this collision.

10. A copy of Defendant Glenna Rousseau's driving record, if in the possession of Defendant Rousseau, Defendant Rousseau's attorney, Defendant Rousseau's agents, including Defendant Rousseau's insurance company.

11. Any and all exhibits Defendant Glenna Rousseau plans to use at the trial of this case.

12. Copies of any and all cellular telephone records that would cover the time of the collision for cellular telephones that were in the name of Defendant Glenna Rousseau, the

possession of Defendant Rousseau, or the control of Defendant Rousseau.

Respectfully submitted,

Michael S. Speakman, Attorney for Plaintiff
Attorney Code: SPE020

OF COUNSEL:
SPEAKMAN AND SPEAKMAN
108 N. Dean Road
Auburn, Alabama 36830
Telephone: 334/821-0091
Facsimile: 334/821-0508

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

SHUFEN PAN,                                    *
                                               *
    PLAINTIFF,                              *
                                               *
VS.                                            *    CV 2005- 605
                                               *
GLENNA ROUSSEAU,                               *
PROGRESSIVE SPECIALTY INSURANCE *
COMPANY, AND UNKNOWN                           *
DEFENDANTS A, B, AND C.                        *
                                               *
    DEFENDANTS.                             *



FILED

SEP 1 6 2005

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT GLENNA ROUSSEAU

    COMES NOW the Plaintiff in the above styled action and propounds the following interrogatories to the Defendant Glenna Rousseau:

    1. State your full name and any names which you have had in the past, including nicknames, or any other names to which you have been referred or which you used at any time; your current address; your Social Security number; your date of birth.

    2. State whether or not you have ever been convicted of a felony or misdemeanor. If so, please list the specific felony(ies) or misdemeanor(s), the date of conviction(s), and the court having jurisdiction over the felony(ies) or misdemeanor(s).

    3. List all traffic violations, citations/tickets, and warnings for traffic violations you have received, including those that were dismissed and where you may have been found "not guilty,"

1

by stating the approximate date, the violation, and the court having jurisdiction.

   4. State in your own words how the accident, which is the subject of this suit, occurred?

   5. Describe in detail the purpose of the trip that was being made by you at the time of the accident?

   6. Describe each and every thing done by you or any other drivers or passengers involved in this accident which you contend proximately caused or contributed in any way to this accident?

   7. Explain whether or not the vehicle driven by the Plaintiff was stationary at the time of the collision and immediately prior to the collision?

   8. Explain whether or not you contributed to the cause of the collision, and specifically explain how you contributed to the cause of the collision?

2

9. Explain whether or not you were the sole cause of the collision, and if you were not the sole cause, specifically state what and who the other causes of the collision were?

10. State whether or not the Plaintiff did anything to contribute to the cause of the collision and if she did contribute, please specifically state what the Plaintiff did or did not do which contributed to the cause of the collision?

11. State whether or not you were injured as a result of the collision and if so, describe in detail the nature of your injuries, including the nature of any medical treatment received?

12. Explain the damage that occurred to your vehicle as a result of the collision and the approximate cost to repair your vehicle?

13. State whether or not you agree or disagree with the Plaintiff's contention that she was injured as a result of the collision?

14. State whether or not it is your contention that the Plaintiff was using alcohol or under the influence of alcohol at the time of the collision or immediately prior to the collision?

15. Did you consume any drink or beverage containing alcohol or take any drugs or medication during the forty-eight hours prior to the collision, and, if so, state the type and quantity of such beverage, drug, or medication, and the time or duration of time during which such beverage, drug, or medication was consumed?

16. Were you supposed to take any drugs, medication, pills, or prescribed medication within seventy-two (72) hours prior to the said collision and you failed to do so? If so, identify said medicine, who prescribed it, and when you were supposed to take it, and why you did or did not?

17. Please state the name, address, and telephone number of each person who was in the vehicle you were occupying at the time of the collision which is the subject of this lawsuit?

18. Please state the name, address, and telephone number of every person to your knowledge who was a witness to this accident or may be a witness in the trial of this case whether or not their testimony is favorable to you.

19. Please state everything that you have heard the Plaintiff say to you or in your presence at any time after the collision, including, but not limited to, any statements made at the scene of the collision or at any other time or place subsequent to the collision?

20. What speed, if any, was your vehicle traveling at the time of the collision?

21. Do you have a cellular telephone? If so,

      A.      Were you using the cellular telephone at the time of the collision?

      B.      Was it in the vehicle with you at the time of the collision?

C.    Who was your cellular telephone provider at the time of the collision?

Respectfully submitted,

Michael S. Speakman, Attorney for Plaintiff
Attorney Code: SPE020

OF COUNSEL:
SPEAKMAN AND SPEAKMAN
108 N. Dean Road
Auburn, Alabama 36830
Telephone: 334/821-0091
Facsimile: 334/821-0508

6

<u>VERIFICATION</u>

Before me, a Notary Public, personally appeared Glenna Rousseau, who, being by me first duly sworn, does depose and say on oath that the averments of fact contained in the foregoing Defendant's Response to Plaintiff's Request for Interrogatories are true and correct.

_____
Affiant

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE ___day of _____, 2005.

_____
Notary Public, State at Large

(NOTARY SEAL)

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

SHUFEN PAN,                                       *
                                                  *
      PLAINTIFF,                            *
                                                  *
VS.                                               *    CV 2005-_____
                                                  *
GLENNA ROUSSEAU,                                  *
PROGRESSIVE SPECIALTY INSURANCE *
COMPANY, AND UNKNOWN                              *
DEFENDANTS A, B, AND C.                           *
                                                  *
      DEFENDANTS.                           *

FILED
SEP 1 6 2005
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

### PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT GLENNA ROUSSEAU

COMES NOW the Plaintiff, by and through the undersigned attorney, pursuant to Rule 36 of the *Alabama Rules of Civil Procedure*, and hereby requests that Defendant Glenna Rousseau admit to the truth of the following facts within the time allowed by law:

1. On or about October 11, 2003, a vehicle driven by Defendant Glenna Rousseau collided with the rear of a vehicle driven by the Plaintiff.

    _____

           Admit                            Deny

2. On or about October 11, 2003, at the time of the aforementioned collision, the vehicle driven by the Plaintiff was stationary and not moving at the time of the collision.

    _____

           Admit                            Deny

3. On or about October 11, 2003, at the time of the aforementioned collision, the vehicle driven by the Plaintiff was stopped and signaling a left turn onto South Cedarbrook Drive at the

1

time of the collision.

_____                    _____

Admit                                      Deny

4. Defendant Glenna Rousseau's negligence in operating a motor vehicle contributed to the cause of the collision with the vehicle driven by the Plaintiff.

_____                    _____

Admit                                      Deny

5. Defendant Glenna Rousseau's negligence in operating a vehicle was the sole cause of the collision with the vehicle driven by the Plaintiff on or about October 11, 2003.

_____                    _____

Admit                                      Deny

6. The Plaintiff did not contribute to the cause of the collision that occurred on or about October 11, 2003, between the vehicle driven by the Plaintiff and the vehicle driven by Defendant Glenna Rousseau.

_____                    _____

Admit                                      Deny

7. The Plaintiff was not contributorily negligent in the collision that occurred on or about October 11, 2003 between the vehicle driven by the Plaintiff and the vehicle driven by Defendant Glenna Rousseau.

2

_____          _____

Admit                                  Deny

8.  Defendant Glenna Rousseau agrees that the Plaintiff suffered a bodily injury as a result of the collision that occurred on or about October 11, 2003 between the vehicle driven by the Plaintiff and the vehicle driven by Defendant Glenna Rousseau.

_____          _____

Admit                                  Deny

9.  Defendant Glenna Rousseau's shoes were wet and muddy at the time of the collision.

_____          _____

Admit                                  Deny

10.  Defendant Glenna Rousseau's foot slipped off the brake pedal when trying to stop her vehicle immediately prior to the collision.

_____          _____

Admit                                  Deny

11.  The impact of the collision of Defendant Glenna Rousseau's vehicle with the Plaintiff's vehicle caused the Plaintiff's vehicle to spin in the road.

_____          _____

Admit                                  Deny

3

12. The impact of the collision of Defendant Glenna Rousseau's vehicle with the Plaintiff's vehicle caused the Plaintiff's vehicle to run off the road and rest against a tree.

_____                    _____

Admit                                            Deny

13. The impact of the collision of Defendant Glenna Rousseau's vehicle with the Plaintiff's vehicle cause a passenger riding in the Plaintiff's vehicle to be ejected from the Plaintiff's vehicle.

_____                    _____

Admit                                            Deny

14. There was no reasonable course of action the Plaintiff could have taken immediately prior to the collision in order to avoid the collision between the vehicle driven by the Plaintiff and the vehicle driven by Defendant Glenna Rousseau.

_____                    _____

Admit                                            Deny

15. At the time of the collision that occurred on or about October 11, 2003, Defendant Glenna Rousseau estimates that she was driving her vehicle at the rate of speed of sixty (60) miles per hour or more.

_____                    _____

Admit                                            Deny

16. At the time of the collision that occurred on or about October 11, 2003, Defendant Glenna Rousseau estimates that she was driving her vehicle at the rate of speed of fifty five (55) miles per hour or more.

_____          _____

Admit                              Deny

17. At the time of the collision that occurred on or about October 11, 2003, Defendant Glenna Rousseau estimates that she was driving her vehicle at the rate of speed of forty five (45) miles per hour or more.

_____          _____

Admit                              Deny

18. At the time of the collision that occurred on or about October 11, 2003, Defendant Glenna Rousseau estimates that she was driving her vehicle at the rate of speed of forty (40) miles per hour or more.

_____          _____

Admit                              Deny

19. At the time of the collision that occurred on or about October 11, 2003, Defendant Glenna Rousseau estimates that she was driving her vehicle at the rate of speed of thirty five (35) miles per hour or more.

_____          _____

Admit                              Deny

20. At the time of the collision that occurred on or about October 11, 2003, Defendant Glenna Rousseau estimates that she was driving her vehicle at the rate of speed of twenty five (25) miles per hour or more.

_____                    _____

          Admit                                      Deny

21. At the time of the collision that occurred on or about October 11, 2003, Defendant Glenna Rousseau estimates that she was driving her vehicle at the rate of speed of twenty (20) miles per hour or more.

_____                    _____

          Admit                                      Deny

22. At the time of the collision that occurred on or about October 11, 2003, Defendant Glenna Rousseau estimates that she was driving her vehicle at the rate of speed of fifteen (15) miles per hour or more.

_____                    _____

          Admit                                      Deny

23. At the time of the collision that occurred on or about October 11, 2003, Defendant Glenna Rousseau estimates that she was driving her vehicle at the rate of speed of ten (10) miles per hour or more.

_____                    _____

          Admit                                      Deny

24. At the time of the collision that occurred on or about October 11, 2003, Defendant Glenna Rousseau estimates that she was driving her vehicle at the rate of speed of five (5) miles per hour or more.

_____          _____

Admit                          Deny

25. Defendant Glenna Rousseau failed to stop in time to avoid the collision.

_____          _____

Admit                          Deny

26. If Defendant Glenna Rousseau had been traveling at a lower rate of speed, Defendant Rousseau might have avoided the collision.

_____          _____

Admit                          Deny

Respectfully submitted,

_Michael S. Speakman_

Michael S. Speakman, Attorney for Plaintiff
Attorney Code: SPE020

OF COUNSEL:
SPEAKMAN AND SPEAKMAN
108 N. Dean Road
Auburn, Alabama 36830
Telephone: 334/821-0091
Facsimile: 334/821-0508

7

<u>VERIFICATION</u>

       Before me, a Notary Public, personally appeared Glenna Rousseau, who, being by me first duly sworn, does depose and say on oath that the averments of fact contained in the foregoing Plaintiff's Request for Admissions to the Defendant are true and correct.

_____
                  Affiant

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE ____day of _____, 2005.

_____
Notary Public, State at Large

(NOTARY SEAL)

8

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| SHUFEN PAN, | * |
| | * |
| PLAINTIFF, | * |
| | * |
| VS. | *  CV 2005-_____ 6005 |
| | * |
| GLENNA ROUSSEAU, | * |
| PROGRESSIVE SPECIALTY INSURANCE | * |
| COMPANY, AND UNKNOWN | * |
| DEFENDANTS A, B, AND C. | * |
| | * |
| DEFENDANTS. | * |

F I L E D

SEP 1 6 2005

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

### COMPLAINT

### COUNT I

1. On or about October 11, 2003, upon a public roadway, North College Street, in Auburn, Lee County, Alabama, the Defendant Glenna Rousseau and Unknown Defendants A, B, and C, negligently caused or allowed a motor vehicle to collide with a motor vehicle owned and occupied by the Plaintiff;

2. As a proximate result of Defendant Glenna Rousseau's and Unknown Defendants A, B, and C's negligence, the Plaintiff was caused to suffer physical injuries, and was caused to incur medical expenses. Further, the Plaintiff will be caused to continue to incur such expenses in the future;

3. As a proximate result of the Defendant Glenna Rousseau's and Unknown Defendants A, B, and C's negligence, the Plaintiff suffered pain and suffering from the said injuries caused by the Defendant. Further, the Plaintiff will be caused to continue to have pain and suffering in the future;

4. As a proximate result of the Defendant Glenna Rousseau's and Unknown

Defendants A, B, and C's negligence, the Plaintiff was caused to lose wages or income; and

5. As a proximate result of the Defendant Glenna Rousseau's and Unknown Defendants A, B, and C's negligence, the Plaintiff was caused to suffer mental anguish and emotional distress.

## COUNT II

6. The Plaintiff hereby incorporates paragraphs one through five from Count I into this Count II as if said paragraphs were restated herein;

7. Defendant Progressive Specialty Insurance Company is a Corporation, organized and existing under the laws of the State of Ohio, and engaged in the business of issuing insurance policies. Progressive Specialty Insurance Company can be served at The Corporation Company, 2000 Interstate Park Drive, Ste 204, Montgomery, Alabama 36109;

8. On or about the 5th day of October, 2003, the Defendant Progressive Specialty Insurance Company issued a policy of automobile insurance to the Plaintiff, which included uninsured/underinsured motorist coverage. A copy of the declarations page of said policy is attached hereto as Exhibit A;

9. On or about the 11th day of October, 2001, in Auburn, Lee County, Alabama, the Plaintiff was injured in a collision when a vehicle negligently operated by Defendant Glenna Rousseau and Unknown Defendants A, B, & C, who are believed to be at that time an uninsured motorist or an underinsured motorist, collided with a vehicle owned and occupied by the Plaintiff;

10. As a proximate result of the negligence of Defendant Glenna Rousseau and Unknown Defendants A, B, & C, the Plaintiff was caused to suffer and incur injuries and damages; and,

11. If the Defendant Glenna Rousseau and Unknown Defendants A, B, & C are uninsured or underinsured motorists, the Plaintiff is entitled to recover benefits under the uninsured/underinsured motorist provisions of said insurance policy.

WHEREFORE, the Plaintiff demands judgment against the Defendants in an amount to be determined by the Court, plus costs.

Respectfully submitted,

Michael S. Speakman, Attorney for Plaintiff
Attorney Code: SPE020

OF COUNSEL:
SPEAKMAN AND SPEAKMAN
108 N. Dean Road
Auburn, Alabama 36830
Telephone: 334/821-0091
Facsimile: 334/821-0508

SHANNON YOUNG WORK
815 E GLENN AVE STE B
AUBURN, AL 36830

**Policy number: 41849114-0**
Progressive Specialty Insurance Company
October 7, 2003
Policy Period: Oct 5, 2003 - Apr 5, 2004
Page 1 of 9

SHUFEN PAN
1115 DREW LN
AUBURN, AL 36830

**personal.progressive.com**
Make payments, check billing activity, make
policy changes or check status of a claim.

**334-826-8260**
**SHANNON YOUNG WORKS**
Contact your agent during business hours.

# Auto Insurance
# Coverage Summary
## This is your Declarations Page

**800-PROGRESSIVE (800-776-4737)**
For policy service and claims service,
24 hours a day, 7 days a week.

Your coverage began on October 5, 2003 at the later of 12:01 a.m. or the effective time shown on your application. This policy period ends on April 5, 2004 at 12:01 a.m.

Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy limits shown for a vehicle may not be combined with the limits for the same coverage on another vehicle, unless the policy contract allows the stacking of limits. The policy contract is form 9608 AL (08/01). The contract is modified by forms 0101 (08/02) and 7951 AL (10/02).

## Drivers and household residents

| | Additional information |
|---|---|
| SHUFEN PAN | Named insured |
| HANQIN TIAN | |

## Outline of coverage

### 1998 Ford Windstar Waes

| VIN 2FMZA51U5WBE22531 | Limits | Deductible | Premium |
|---|---|---|---|
| | | | $109 |
| Liability To Others | | | |
| Bodily Injury Liability | $100,000 each person/$300,000 each accident | | |
| Property Damage Liability | $100,000 each accident | | |
| Uninsured/Underinsured Motorist | $100,000 each person/$300,000 each accident | | 39 |
| Medical Payments | $5,000 each person | | 15 |
| Comprehensive | | $250 | 28 |
| Collision or Upset | | $500 | 64 |
| Roadside Assistance | | | 7 |
| Total premium for 1998 Ford | | | **$262** |

### 1995 Honda Civic DX 4D

| VIN 1HGEG8646SL065237 | Limits | Deductible | Premium |
|---|---|---|---|
| | | | $116 |
| Liability To Others | | | |
| Bodily Injury Liability | $100,000 each person/$300,000 each accident | | |
| Property Damage Liability | $100,000 each accident | | |
| Uninsured/Underinsured Motorist | $100,000 each person/$300,000 each accident | | 43 |
| Medical Payments | $5,000 each person | | 17 |
| Total premium for 1995 Honda | | | **$176** |
| **Total 6 month policy premium** | | | **$438** |



Form 6489 (05/02)

Continued

Policy number: 41849114-0
SHUFEN PAN
Page 2 of 9

## Premium discounts

Policy
.......................................................................................................................................................
41849114-0                                    paid in full and multi-car

## Driving history

Progressive uses your driving history from the past 35 months to determine your rate.  There are no accidents or violations for drivers on this policy.

Form 6489 (05/02)

**Continued**